UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

Case No. 05MJ633

v.

ASIF MAHMOOD,
    Defendant

MOTION FOR EMERGENCY CONTINUANCE

Now comes the Defendant, by and through counsel, and moves this Honorable Court for an emergency continuance. As grounds therefor, counsel for the Defendant submits his affidavit herewith.

THE DEFENDANT

By His Attorney
Joseph A. Franco, Esq.
BBO# 543038
51 Park Avenue, Suite 7
West Springfield, MA 01089
Tel: (413) 737-2675
Fax: (413) 747-1721

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

Case No. 05MJ633

v.

ASIF MAHMOOD,
Defendant

### AFFIDAVIT OF COUNSEL

Now comes Joseph A. Franco and states that he has personal knowledge of the facts contained herein and makes oath that they are true.

1. I, Joseph A. Franco, am a duly authorized and practicing attorney in the Commonwealth of Massachusetts and admitted to practice in the United States District Court for the District of Massachusetts.

2. I have been appointed to represent the Defendant, Asif Mahmood on a criminal complaint.

3. I was before this Honorable Court on June 30, 2005.

4. Mr. Mahmood was before the Court on a criminal complaint application and had not been indicted.

5. After a scheduling conference on the record, the date for the probable cause hearing was set for July 15, 2005.

6. Late in the evening on July 14, 2005 and into the early morning of July 15, 2005, my youngest son, Andrew Franco, was involved in a rather serious motorcycle accident.

7. My son was taken to the Noble Hospital in the early morning hours of July 15.

8. At that time, my son was evaluated and was found to have a number of injuries, including but not limited to a concussion, traumatic hematomas and abrasions and difficulty breathing.

9. In the early morning hours of July 15, I returned to my home, acquired my file for Mr. Mahmood's case and was prepared to represent him in the probable cause hearing which was set for 2:00 PM.

10. When I returned to the hospital at approximately 8:00 AM, I was informed by the doctor that my son had a partially collapsed lung.

11. At that time, Dr. Sutton informed me that surgery might be necessary to re-inflate the lung in order to correct the situation.

12. Based upon my responsibility as a parent and my emotional concerns required me to stay at the hospital.

13. At approximately 9:30 AM, I asked a colleague of mine to telephone the Federal District Court and inform the Court of this emergency situation.

14. Attorney A. J. O'Donald spoke with Bethany Healey, clerk to Magistrate Judge Neiman who was gracious enough to inform him that the probable cause hearing could be continued based upon the emergency situation.

15. In the meantime I also contacted the office of the United States Attorney and left word with Assistant United States Attorney Kevin O'Regan.

16. We were graciously informed by Ms. Healey that the Court would entertain a continuance based upon the emergency situation.

17. After I contacted Kevin O'Regan, Mr. O'Regan's office was also courteous and gracious enough to tell me that they would not oppose any continuance given the emergency situation involved.

18. I remained at the hospital until late afternoon, as surgery may or may not have been imminent.

19. My son was constantly being monitored and evaluated by the surgeon, Dr. Rodamilans to determine whether or not the lung would re-inflate itself or whether surgical intervention would be necessary.

20. At approximately 4:00 PM in the afternoon of July 15, I was informed that surgery would not be necessary to relieve the situation, but that my son would be admitted to the hospital for a period of observation.

21. Based upon this emergency situation, I solely requested the continuance due to my personal situation.

22. The Court was gracious enough to grant that continuance and the United States Attorney's Office was gracious enough to not oppose the continuance.

23. Within the next few days I visited Mr. Mahmood and informed him of what had occurred on Friday, July 15.

24. Mr. Mahmood was also understanding, respectful and gracious enough to inform me that he had no objections to my actions, even though it caused him to have his probable cause hearing on July 15 continued.

25. My actions and state of mind at the time could have compromised my full and effective representation of Mr. Mahmood.

26. Due to the emergency situation, my actions were reasonable, just and necessary.

27. I informed Mr. Mahmood that by his understanding and consent that waiver of any right which may have existed to a speedy probable cause hearing had been waived.

28. Mr. Mahmood fully understood and assented to same.

29. I submit this affidavit to document the exceptional reasons why this counsel would ask for a continuance and to clarify the record so that the position of all parties could be appropriately documented for this Court.

Signed under the pain and penalty of perjury this 21st day of July, 2005.

_____
Joseph A. Franco, Esq.