UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                  ) | Criminal No. 05-30056-MAP |
| ) | |
| ASIF MAHMOOD,            ) | |
| Defendant.       ) | |

Government's Opposition to Motion to Suppress

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully submits this memorandum in opposition to the defendant's motion to suppress statements he made in his home to law enforcement officers on April 19, 2005. The motion should be denied because the defendant was neither in custody nor arrested on April 19th when he voluntarily made oral and written statements to the officers.

Factual Background[1]

On April 19, 2005, three officers from the Bureau of Immigration and Customs Enforcement ("ICE") went to see the defendant at his home. The purpose of the interview was to discuss the defendant's marital status, which was the basis for his previous application to change his immigration status in the United States. In part, the agents wanted to know whether the defendant's marriage was legitimate.

At approximately 11:25am, agents Stephen Back and Patrick McDonald knocked on the defendant's front door. After the

---

[1] The government expects to prove the proffered facts at the evidentiary hearing scheduled for November 22, 2005.

defendant opened the door, the agents identified themselves as ICE agents and asked the defendant his name.  The agents then told the defendant that they would like to talk to him and asked if they could enter his house.  The defendant voluntarily allowed the agents to enter his residence.

The agents, including ICE agent Mary Geha who joined the group a few minutes later, discussed with the defendant his marriage to Miriam Santos.  Initially the defendant stated that his wife lived with him at the residence.  He could not, however, state where his wife's clothes were, suggesting that they could all be at the cleaners.  Within a short period of time, the defendant acknowledged that his wife lived elsewhere and that he had paid Ms. Santos to marry him.

Thereafter, the defendant agreed to sign a written statement that was written down by an agent and read to the defendant, who did not appear to have any difficulty communicating with the agents in English.  The statement included printed standard <u>Miranda</u> warnings.

During the interview, the defendant was told that he was not under arrest and that he would not be arrested that day.

Argument

The defendant was not in custody when he was discussing his marriage with the ICE agents.  As a result, it was not necessary for the agents to advise the defendant of his <u>Miranda</u> rights.

Even so, before the defendant signed his written statement the agents read his written Miranda warnings to him.

The First Circuit has explained that the question of custody is a factual one which must take into consideration all of the surrounding circumstances to determine if there was a restraint of freedom similar to a formal arrest.

> In determining whether a defendant was in "custody" when interrogated, "a court must examine all of the circumstances surrounding the interrogation, but the ultimate inquiry is simply whether there was a formal arrest or restraint on the freedom of movement of the degree associated with a formal arrest."

United States v. Nishnianidze, 342 F.3d 6, 13 (1st Cir. 2003), quoting Stansbury v. California, 511 U.S. 318, 322 (1994).

The factors to be considered include those that would inform how a reasonable person would have understood the situation. These factors include:

> whether the suspect was questioned in familiar or at least neutral surroundings, the number of law enforcement officers present at the scene, the degree of physical restraint place upon the suspect, and the duration and character of the interrogation.

United States v. Masse, 816 F.2d 805, 809 (1st Cir. 1987), cited in Nishnianidze, 342 F.2d at 13.

In this case, the conversation between the agents and the defendant took place in the defendant's home. There were only three officers present and the defendant was not restrained. To the contrary, he was told that he was not under arrest and that he would not be arrested that day. Furthermore, the character of the interrogation was respectful and it lasted for approximately 95 minutes.

3

Given these circumstances, the defendant was not in custody for the purpose of <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). Nonetheless, the agents did read the defendant his written <u>Miranda</u> warnings before the defendant signed his written statement.

<u>Conclusion</u>

Because the defendant was not in custody and made voluntary oral and written statements to the ICE agents, his motion to suppress should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

by: *(signature)*
Kevin O'Regan
Assistant U.S. Attorney

Date: November 14, 2005

<u>Certificate of Service</u>

November 14, 2005

I certify that I have caused to be served a copy of the foregoing document on Joseph Franco, Esq., counsel for Asif Mahmood.

*(signature)*
Kevin O'Regan
Assistant U.S. Attorney

4